Slip Op. 21-16

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>                    Plaintiff,<br><br>       v.<br><br>GREEN PLANET, INC.,<br><br>       and<br><br>TOKEN GROUP, LLC,<br><br>                    Defendant. | Before: Gary S. Katzmann, Judge<br>Court No. 16-00221 |

## OPINION

[Plaintiff's motion for the entry of default judgment is granted.]

Dated: February 16, 2021

P. Davis Oliver, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for plaintiff.  With him on the brief were Jeffrey Bossart Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.  Of Counsel Andrew V. Sperry, Senior Attorney, Office of the Chief Counsel, U.S. Department of Customs and Border Protection.

Katzmann, Judge:  The case before the court involves an importer's excise tax compliance that turns out to be smoke and mirrors.  Plaintiff the United States ("Government") brings this action against Defendant Token Group, LLC, an importer of cigarette rolling papers from the People's Republic of China ("China"), to recover unpaid taxes and a civil penalty, as permitted by Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 ("Section 1592").  Compl. ¶ 1, Oct. 18, 2016, ECF No. 1.[1]  The Government alleges that Token Group negligently entered

---

[1] The Government originally brought this action against both Green Planet, Inc. and Token Group, LLC.  Compl.  However, pursuant to a settlement agreement, the Government dismissed the counts

merchandise into the commerce of the United States by means of materially false information, in violation of 19 U.S.C. § 1592(a)(1)(A). Id. ¶¶ 67–69. Because Token Group failed to timely appear, plead, or otherwise defend, default was entered. Clerk's Entry of Default, Sept. 20, 2017, ECF No. 18. The Government now moves for default judgment pursuant to USCIT Rule 55(b). Pl.'s Mot. for Entry of Default J., Oct. 16, 2020, ECF No. 36 ("Pl.'s Br.").

As further explained below, because the Government's well-pleaded complaint and supporting evidence adequately establish the defaulting Defendant's liability for negligent violations of Section 1592 as a matter of law, the Government's motion for a default judgment is granted. Judgment shall be entered against Token Group for the unpaid duties owed as a result of these violations. In addition, because the Government's adequately documented claim for a civil penalty against Token Group is for a sum certain within the statutory limit for such violations, judgment shall also be entered for the Government on its penalty claim.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1582(1). The court reviews all issues de novo in actions under Section 1592. 28 U.S.C. § 1592(e)(1).

## DISCUSSION

In a motion for default judgment, the moving party must first demonstrate to the Clerk of the Court by affidavit or otherwise that the opposing party has failed to plead or otherwise defend. USCIT R. 55(a). Upon such a showing, the Clerk must enter default, as has occurred here. Id. USCIT Rule 55(b) mandates that "[w]hen the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court -- on the plaintiff's request with an affidavit

---

against Green Planet on December 18, 2019, leaving Token Group, LLC as the only remaining Defendant. Stipulation of Partial Dismissal, ECF No. 31.

Case 1:16-cv-00221-GSK   Document 37   Filed 02/16/21   Page 3 of 8

Court No. 16-00221                                                                                          Page 3

showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."

A defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint. United States v. NYCC 1959, Inc., 40 CIT __, __, 182 F. Supp. 3d 1346, 1347 (2016) (citing City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011)); United States v. Deladiep, Inc., 41 CIT __, __, 255 F. Supp. 3d 1326, 1336 (2017) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The defaulting party's admission of liability for all well-pleaded facts, however, does not also function as an admission of damages. United States v. Freight Forwarder Int'l, Inc., 39 CIT __, __, 44 F. Supp. 3d 1359, 1362 (2015) (citing Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)); Deladiep, 255 F. Supp. 3d at 1336. Thus, when considering a motion for default judgment, the court accepts as true all well-pleaded facts in the complaint, but must reach its own legal conclusions. United States v. Callanish, Ltd., 37 CIT 462, 464 (2013); United States v. Scotia Pharm. Ltd., 33 CIT 638, 642 (2009). This suit was timely initiated within five years of the alleged violations pursuant to 19 U.S.C. § 1621. See Compl.; 19 U.S.C. § 1621(1) ("in the case of an alleged violation of section 1592 or 1593a of this title, no suit or action . . . may be instituted unless commenced within 5 years after the date of the alleged violation").

Accordingly, the court must enter judgment against Token Group if (1) the Government's allegations establish Token Group's liability as a matter of law, and (2) "the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation," USCIT R. 55(b). See NYCC 1959, Inc., 182 F. Supp. 3d at 1347.

The Government, supported by evidence in the form of a declaration from a U.S. Customs and Border Protection ("Customs") Fines, Penalties & Forfeitures Officer and associated Customs documentation, adequately alleges the following: Token Group entered five entries of cigarette rolling papers in booklet form from China through the port of Los Angeles/Long Beach, CA between October 17, 2011 and October 10, 2012 using Buscemi Co., Intl LLC as customs broker for all five entries. Compl. ¶¶ 39, 45, 50, 56, 61; Decl. of Lee M. Baxley ¶ 2, Oct. 16, 2020, ECF No. 36-1 ("Baxley Decl."). The entries were subject to excise taxes pursuant to 26 U.S.C. §§ 5701(c), 5703. Compl. ¶¶ 40; Baxley Decl. ¶ 3. Token Group failed to identify on its entry documents for all five entries that the imported cigarette rolling papers in booklet form were subject to excise taxes under 26 U.S.C. § 5701, and instead stated that it did not owe any amount of tax on the entries. Compl. ¶¶ 42, 47, 52, 58, 63; Baxley Decl., ¶ 3. Token Group did not pay any excise taxes owed under 26 U.S.C. § 5701 for its five entries of cigarette rolling papers upon filing of the imports. Compl. ¶¶ 43, 48, 53, 59, 64; Baxley Decl. ¶ 5, 7, 9, 11, 13. Customs timely liquidated each of Token Group's entries and calculated excise taxes on each. Baxley Decl. ¶¶ 5, 7, 9, 11, 13. Token Group's surety, Great American Alliance Insurance Company, paid the excise tax for the first two entries, paid in part the excise tax for the third entry, and Token Group paid the excise tax for the fourth and fifth entries. Compl. ¶¶ 44, 49, 54, 60, 65; Baxley Decl. ¶¶ 6, 8, 10, 12, 14. Customs issued a formal demand for payment for unpaid excise taxes with respect to the third entry. Compl. ¶ 73; Baxley Decl. ¶ 19. Token Group continues to have an outstanding balance of $5,296.37 in unpaid excise tax. Compl. ¶ 74; Baxley Decl. ¶ 10. After notifying Token Group and initiating an investigation, Customs issued a pre-penalty notice to Token Group stating that Token Group potentially deprived the Government of $119,973.20 in excise taxes through its negligence in connection with its five entries of cigarette rolling papers. Compl. ¶ 70; Baxley

Decl. ¶¶ 15, 18. Token Group did not respond, and, on February 7, 2014, Customs issued a penalty notice to Token Group in the amount of $239,946.40 for negligent culpability. Compl. ¶ 71; Baxley Decl. ¶¶ 18, 20. In April and May of 2014, Customs sent Token Group three formal demands for payment for the negligence penalty. Baxley Decl. ¶ 21.

### I. Admitted as True, the Government's Factual Allegations Establish Token Group's Liability as a Matter of Law.

"In examining a penalty enforcement action, 'the court must consider both whether the penalty imposed has a sufficient basis in law and fact, and whether Customs accorded the [importer] all the process to which [it] is entitled by statute and regulation.'" United States v. NYWL Enter., 44 CIT __, __, 476 F. Supp. 3d 1394, 1398–99 (2020) (quoting United States v. Puentes, 41 CIT __, __, 219 F. Supp. 3d 1352, 1357 (2017)). Section 1592 prohibits the entry of merchandise into the commerce of the United States by means of "any document or electronically transmitted data or information, written or oral statement, or act which is material and false," if the responsible person acted with "fraud, gross negligence, or negligence." 19 U.S.C. § 1592(a)(1)(A)(i). As necessary in cases of default, the court accepts the Government's factual allegations as true. Callanish, Ltd., 37 CIT at 464. Furthermore, as a matter of law, the merchandise -- cigarette rolling papers -- was subject to excise taxes pursuant to 26 U.S.C. §§ 5701(c), 5703. See also Compl. ¶ 40. Here, the Government adequately alleges that Token Group entered merchandise into the commerce of the United States using entry documents that falsely indicated to Customs that the merchandise in question was not subject to excise taxes and that Token Group was afforded the proper process. Compl. ¶¶ 42, 47, 52, 58, 63, 70–71; Baxley Decl. ¶ 3, 18, 20.

The false entry information was material to Customs' evaluation of Token Group's tax liability for these entries because it affected Custom's ability to collect lawful excise taxes upon

entry. See 19 C.F.R. pt. 171, app. B(B); United States v. Rockwell Int'l Corp., 10 CIT 38, 42, 628 F. Supp. 206, 210 (1986) ("[T]he measurement of the materiality of the false statement is its potential impact upon Customs' determination of the correct duty for the imported merchandise.") (citations omitted). See also Pl.'s Br. at 10; Baxley Decl. ¶ 17. Therefore, the Government's factual allegations, deemed admitted by the defaulting Defendant, establish that Token Group entered merchandise into the commerce of the United States by means of information that was both material and false. Accordingly, admitted as true, the Government's factual allegations establish Token Group's liability under Section 1592 as a matter of law. See 19 U.S.C. § 1592(a)(1)(A)(i). Judgment must therefore be entered against Token Group for the unpaid excise taxes that resulted from these violations. See Compl. ¶¶ 93–95 (Count IV).

Moreover, in the absence of any defense by the Defendant, the Government's uncontested factual allegations are sufficient to establish Token Group's liability under Section 1592 for a monetary penalty based on negligence. See Compl. ¶¶ 88–92 (Count III); 19 U.S.C. § 1592(e)(4) ("Notwithstanding any other provision of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under [Section 1592] . . . if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence."). Accordingly, the next question before the court is the claimed penalty amount.

## II. The Government's Claim for Unpaid Duties and Penalty Amount Are Certain and Within Statutory Authority.

Section 1592 provides a maximum civil penalty amount for penalties based on negligent violations. 19 U.S.C. § 1592(c)(3). Where, as here, the material misrepresentation that forms the basis of the negligent violation concerned the assessment of taxes, the amount of the penalty may

not exceed "the lesser of the domestic value of the merchandise, or two times the lawful duties, taxes, and fees of which the United States is or may be deprived." See id. § 1592(c)(3)(A).

Here the Government alleges, providing supporting evidence, that the total domestic value of the entries in question was $1,412,456.73. See Compl. ¶70; Baxley Decl. ¶ 2; Pl.'s Br. at 11. The Government also provides evidence that the potential excise tax loss was $119,973.20.[2] See Compl. ¶ 70; Baxley Decl. ¶ 18. Accordingly, Customs calculated the penalty amount for Token Group's negligent violation of Section 1592 to be $239,946.40, two times the lawful taxes of which the United States is or may be deprived, $119,973.20 in potential excise tax lost. Compl. ¶ 70; Baxley Decl. ¶ 18; Pl.'s Br. at 11. This represents the maximum allowable penalty amount for Token Group's negligent violation of Section 1592, as it the lesser of the domestic value of the merchandise or two times the lawful taxes. See 19 U.S.C. § 1592(c)(3)(A).

After taking appropriate preliminary steps, Compl. ¶ 70; Baxley Decl. ¶ 15, Customs ultimately issued to Token Group a formal demand for payment of the $5,296.37 in unpaid excise tax and a penalty of $239,946.40, both of which remain unpaid. Compl. ¶¶ 71–73; Baxley Decl. ¶¶ 19, 21–22. Because the amount of the claimed penalty falls within the statutory cap set by the lesser of the merchandise's domestic value and two times the potential excise tax loss, the Government's assessed penalty amount in this case is within the scope of authority provided by 19 U.S.C. § 1592(c)(3)(A). Because Defendant has defaulted, it raises no equitable claim,

---

[2] The potential excise tax loss of $119,973.20 is the sum of the excise tax owed on each of the five entries at issue -- $20,901.89 plus $29,308.37 plus $25,988.00 plus $28,307.54 plus $15,467.40. See Baxley Decl. ¶¶ 5, 7, 9, 11, 13. Of the excise tax owed, $70,901.89 of this amount was paid by Token Group's surety, Baxley Decl. ¶¶ 6, 8, 10, and $43,774.94 was paid by Token Group, Baxley Decl. ¶¶ 12, 14. Thus, while only $5,296.37 remains in actual lost revenue, the statute contemplates the full amount of the potential duty loss. See 19 U.S.C. § 1592(c)(3)(A)(ii) ("two times the lawful duties, taxes, and fees of which the United States is or may be deprived") (emphasis added).

argument, or factual allegations supportive of a lesser penalty amount.  Judgment shall therefore be entered for the unpaid excise taxes and the penalty as claimed, plus post-judgment interest, see 28 U.S.C. § 1961(a), and costs.  See USCIT R. 55(b) (requiring the entry of judgment for the plaintiff, plus costs, when the plaintiff's claim is for a sum certain against a competent defendant who has been defaulted for not appearing).

## CONCLUSION

For the foregoing reasons, the Government's motion for default judgment against Token Group for a negligent violation of 19 U.S.C. § 1592(a) is granted.  Judgment shall be entered in the amount of $245,242.77 ($5,296.37 in unpaid excise taxes plus $239,946.40 in penalty), plus post-judgment interest computed in accordance with 28 U.S.C. § 1961(a)-(b), and costs.

**SO ORDERED**.

/s/   *Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: February 16, 2021
          New York, New York